# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 11-CV-0264-CVE-PJC |
| ) | |
| WARDEN; BRAD HENRY, Governor; ) | |
| TULSA COUNTY DISTRICT COURT; ) | |
| STATE OF OKLAHOMA; ) | |
| UNITED STATES OF AMERICA; ) | |
| ERIC HOLDER; U.S. MARSHAL; ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

On May 2, 2011, Petitioner Mark Anthony Williams, appearing *pro se*, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Petitioner is a federal inmate presently incarcerated at Victorville Federal Correctional Institution, located in Adelanto, California. He paid the $5.00 filing fee.

In his petition, Petitioner challenges the validity of his conviction entered in Northern District of Oklahoma, Case No. 10-CR-076-CVE.[1] He claims that: (1) the indictment is multiplicious, (2) he was placed twice in jeopardy, (3) his right to due process was violated when the indictment was corrected by interlineation, and (4) he is exempt from application of 18 U.S.C. § 922(g) because his conviction violates his right to property under 8 U.S.C. § 1401(b). In his request for relief, Petitioner asks that he "be ordered discharged from the detention and restraint described in this application along with all other warranted relief." See Dkt. # 1. For the reasons

---

[1] To the extent Petitioner challenges the validity of any conviction entered by the State of Oklahoma, his federal remedy is a 28 U.S.C. § 2254 petition for writ of habeas corpus, filed after exhausting state court remedies for each claim.

discussed below, the Court finds the 28 U.S.C. § 2241 petition for writ of habeas corpus shall be dismissed without prejudice.

**A. Section 2255 provides exclusive remedy for challenging validity of federal conviction**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). In the context of a criminal conviction, a motion pursuant to 28 U.S.C. § 2255 provides the "*exclusive* remedy for testing the validity of a judgment and sentence." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added). Unless the remedy provided by § 2255 is inadequate or ineffective, it is the exclusive remedy for testing the legality of the detention. 28 U.S.C. § 2255; see also Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).

The Court lacks authority to consider Petitioner's petition seeking relief from his conviction under 28 U.S.C. § 2241, or any provision other than 28 U.S.C. § 2255. Defendant has not yet filed a motion pursuant to § 2255, and Petitioner does not argue that § 2255 is inadequate or ineffective. As a result, the Court finds § 2255 provides Petitioner's exclusive remedy for testing the legality of his detention. Because the Court lacks authority to consider the requested relief under 28 U.S.C. § 2241, this petition shall be dismissed without prejudice.

**B. Request for relief under 28 U.S.C. § 2255 is premature due to pendency of direct appeal**

The Court further finds that the orderly administration of justice precludes recharacterization of the § 2241 petition as a § 2255 motion. The record for N.D. Okla. Case No. 10-CR-076-CVE reflects that on December 21, 2010, after having been found guilty by a jury, Petitioner was sentenced to eighty (80) months imprisonment on his conviction of Felon in Possession of Firearm and Ammunition. Judgment was entered on December 22, 2010. On January 2, 2011, Petitioner

filed his notice of appeal. By letter dated January 3, 2011, the Tenth Circuit Court of Appeals advised that Case No. 11-5000 had been assigned to the direct appeal. As of today's date, Petitioner's direct appeal remains pending.

Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a petitioner's collateral challenge while review of claims raised on direct appeal is pending. See United States v. Prows, 448 F.3d 1223 (10th Cir. 2006) (citing general rule that a defendant may not pursue both a direct appeal and a collateral action simultaneously); United States v. Cook, 997 F.2d 1312, 1318-19 (10th Cir. 1993) (citing Rule 5, *Rules Governing § 2255 Proceedings*, advisory committee note); see also United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993) ( "The rationale for the rule is a sound one: 'the disposition of the appeal may render the [§ 2255 motion] moot.'"); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968); Masters v. Eide, 353 F.2d 517 (8th Cir. 1965). In Prows, 448 F.3d at 1229, the Tenth Circuit found that the existence of extraordinary circumstances justified the district court's consideration of a § 2255 motion while review of claims on direct appeal was pending. However, in Prows, in contrast to the instant case, the government filed the direct appeal. Furthermore, there was a "complete dichotomy" between the issues raised by the government on direct appeal and those raised by Mr. Prows in his § 2255 motion. Id. In this case, it is Petitioner who has commenced both a direct appeal and this collateral challenge filed under the authority of 28 U.S.C. § 2241. In addition, there may be considerable overlap between the claims raised in this action and the claims raised on direct appeal, resulting in a waste of judicial resources if both actions were allowed to proceed simultaneously. As a result,

the Court finds that extraordinary circumstances warranting collateral review during the pendency of Petitioner's direct appeal do not exist in this case. Petitioner's effort to seek collateral relief in this Court is premature. Collateral review by this Court would be extremely limited and a waste of judicial resources due to the pendency of appellate review by the Tenth Circuit Court of Appeals.

Should Petitioner fail to obtain relief from the Tenth Circuit, his exclusive post-conviction remedy will be a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. **Petitioner should consider carefully the ramifications of any further rushed filings in this Court**. A defendant who files and loses a § 2255 motion must meet stringent standards in order to pursue a second motion under the statute.[2] The dismissal of this action without prejudice will not count against Petitioner should he pursue a collateral challenge under § 2255 **after** conclusion of his direct appeal.

**C. Petitions under 28 U.S.C. § 2241 are appropriately filed in jurisdiction of confinement**

As discussed above, Petitioner challenges the validity of his federal conviction. The Court notes that if Petitioner were challenging the administration of his sentence, as opposed to the validity of his conviction, then the petition would be properly adjudicated under 28 U.S.C. § 2241. Montez

---

[2]Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). However, even if the instant petition raised claims properly adjudicated under § 2241, the Court would lack jurisdiction to consider the claims. A § 2241 habeas corpus petition is properly filed in the judicial district where the petitioner is confined. Id. (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). As stated above, Petitioner is presently confined at the Victorville Federal Correctional Institution, located in Adelanto, California. Adelanto is located in the territorial jurisdiction of the United States District Court for the Central District of California. See 28 U.S.C. § 84(c). Because Petitioner is confined in California, the Court finds it would lack jurisdiction to consider Petitioner's claims had they been properly raised pursuant to 28 U.S.C. § 2241.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice**.

3. A separate judgment shall be entered in this case.

**DATED** this 11th day of May, 2011.

*Claire V Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT